PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAY LEVERETTE, | ) | |
| | ) | CASE NO. 4:21CV1613 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MERRICK B. GARLAND, *etc.*, *et al.* | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondents. | ) | **AND ORDER** |

**I. Background**

*Pro Se* Petitioner Jay Leverette, a federal inmate in the Northeast Ohio Correctional Center ("NEOCC") at the time he filed the above-entitled Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241,[1] claims he could be exposed to the COVID-19 virus if he remains detained in any prison facility. He was convicted in July 2020 in the Northern District of Ohio on charges of aiding and abetting bank fraud, and was sentenced on December 9, 2020 to 60 months in prison. *See United States v. Leverette*, No. 1:20CR0373 (N.D. Ohio filed July 22, 2020). He was ordered to self-surrender by January 11, 2021. *See* Judgment in a Criminal Case (ECF No. 35) at PageID #: 187. Petitioner failed to do so and faced additional criminal charges

---

[1] This case was assigned and processed without the filing of a Civil Cover Sheet, which is required by Local Rule 3.13(a), and the $5.00 filing fee as required by 28 U.S.C. § 1914(a) or a motion for leave to proceed *in forma pauperis*. Thus, dismissal of the Petition without prejudice is warranted for failure to pay the filing fee. Even if the Court overlooked Petitioner's failure to pay the filing fee, the Petition must be denied for failure to adequately articulate a claim for relief. *See Mickles v. United States*, No. 6:19-CV-060-CHB, 2019 WL 1995329 (E.D. Ky. May 6, 2019).

(4:21CV1613)

in this district. *See* United States v. Leverette, No. 1:21CR0125 (N.D. Ohio filed Feb. 18, 2021). He was convicted in January 2022 on a charge of failure to surrender for service of sentence and was sentenced on March 16, 2022 to 10 months in prison, to run consecutive to the sentence imposed in Case No. 1:20CR0373. *See* Judgment in a Criminal Case (ECF No. 28) at PageID #: 82.

Petitioner seeks release from prison, asserting that despite policies designed to slow the spread of COVID-19, prison officials, including those at NEOCC, cannot guarantee that he will not contract the virus. He cites to a notice sent to inmates at NEOCC by Respondent David Bobby, Warden stating that trace amounts of the COVID-19 virus were detected in wastewater screened on its exit from the institution. *See* Resident Bulletin (ECF No. 1-1). The Warden indicated that this result meant that an individual in the facility had been infected with COVID-19. He ordered that all staff and inmates, regardless of vaccination status, wear masks in the institution for a two-week period of time, which is believed to be the maximum incubation period of the virus. *See* ECF No. 1-1. Petitioner contends he should not be subjected to potential exposure to the virus as it could cause him to suffer irreparable harm. He claims that being incarcerated during the COVID-19 pandemic is cruel and unusual punishment and a denial of due process.

## II. Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to

2

(4:21CV1613)

prisoners being held 'in violation of the Constitution or laws or treaties of the United States.' " *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting § 2241(c)(3)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). The Court, however, may dismiss the Petition at any time or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under 28 U.S.C. § 2243).

### III. Law and Analysis

Petitioner is not entitled to relief under 28 U.S.C. § 2241. In general, habeas corpus is available to prisoners seeking relief from unlawful imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Federal prisoners may use § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Habeas relief under § 2241, however, generally is not available to review questions unrelated to the cause of detention. *Martin*, 391 F.3d at 714. Prisoners challenging the conditions of their confinement must do so through a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973).

3

(4:21CV1613)

The COVID-19 pandemic initially presented a narrow exception to that general rule. In late 2019 and early 2020, little was known about the COVID-19 virus and the way it spread from person to person. Most of the prisons in the United States reacted quickly to develop policies that effectively controlled the spread of the virus. Other prisons, however, had outbreaks which they struggled to address. FCI Elkton ("Elkton") had one such outbreak of the virus.

Several Elkton inmates filed habeas petitions under 28 U.S.C. § 2241 stating that due to the lack of knowledge of the virus, the lack of prevention and treatment options, the close quarters in the prison and the delay in addressing the infection rate of inmates, there were no mitigation efforts that the prison could undertake at that point which would prevent the risk of contracting the disease to any acceptable degree for the subclass of medically vulnerable inmates. *Wilson v. Williams*, 961 F.3d 829, 837-38 (6th Cir. 2020). The Sixth Circuit reasoned that because the petitioners alleged facts suggesting that no set of prison conditions would be constitutionally sufficient under those circumstances, the claims should be construed as challenging the fact or extent, rather than the conditions, of the confinement. *Id.*

Although the Sixth Circuit recognized the limited circumstance under which the claims could be brought in a habeas petition, the Court of Appeals ultimately rejected the Eighth Amendment claims in *Wilson* on their merits. The Sixth Circuit found the multiple steps taken by Elkton to address the situation, regardless of their effectiveness in stopping the spread of the disease, demonstrated that the prison was not deliberately indifferent to the serious medical needs of its inmates. *Id.* at 840.

4

(4:21CV1613)

Since that time, new advancements in medical science and general knowledge make this claim even more difficult to assert. All adults now have access to the vaccine as well as to a booster. Facial coverings are readily available and disinfection protocols are more refined. Although the COVID-19 virus continues to spread, most businesses observe precautions and are reopened to the public. Schools, offices, and correctional and detention facilities also have precautions in place.

In the case at bar, Petitioner has not alleged facts to suggest that his claims can be brought in a § 2241 habeas petition. He has not alleged facts to suggest that there could be no mitigation efforts that the prison could undertake to reduce the risk of inmates contracting the disease.

Assuming, *arguendo*, that Petitioner's claims can still be brought in a habeas action, the claims are insufficient to demonstrate that his Eighth Amendment or due process rights are violated by prison staff at NEOCC. Petitioner claims in general that he should be released from incarceration in any facility because he could potentially be exposed to COVID-19 in prison. He does not allege any facts to suggest that he is at any greater risk of contracting COVID-19 inside NEOCC than he is outside of the prison interacting with the general public. Moreover, Petitioner alleges that the Warden at NEOCC is taking additional precautions by monitoring the wastewater coming from the facility for trace amounts of the virus to try to prevent its spread should any infected individual enter the prison. The Warden has also mandated that everyone wear masks regardless of vaccination status. Petitioner has not alleged facts suggesting that anyone at NEOCC has been deliberately indifferent to his serious medical needs.

5

(4:21CV1613)

Petitioner's due process claim appears to be one of denial of substantive due process. It is based on his allegations of cruel and unusual punishment based on his incarceration during a pandemic. When a specific Amendment provides a more explicit source of constitutional protection, that Amendment, and not the more generalized notion of substantive due process, is used to analyze the claims. See *Graham v. Connor*, 490 U.S. 386, 395 (1989). Petitioner's due process claim is duplicative of his Eighth Amendment claim and is dismissed. See *Dykes-Bey v. Washington*, No. 2:20-cv-64, 2020 WL 5228990, at *6 (W.D. Mich. Sept. 2, 2020) (dismissing plaintiffs' substantive due process claim for being duplicative of their Eighth Amendment claim), *aff'd*, No. 21-1260, 2021 WL 7540173 (6th Cir. Oct. 14, 2021).

### IV. Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied, and this action is dismissed pursuant to 28 U.S.C. § 2243. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

April 29, 2022  /s/ Benita Y. Pearson
Date  Benita Y. Pearson
  United States District Judge